# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KEVIN NAUSS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:20-CV-00304 JAR |
| | ) |
| | ) |
| SEDGWICK CLAIMS MANAGEMENT | ) |
| SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This is an action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et. seq., for judicial review of a decision by Defendant Sedgwick Claims Management Services, Inc. ("Sedgwick") to deny Plaintiff's claim for short-term disability benefits. Before the Court is Plaintiff's motion for additional discovery outside of the administrative record. (Doc. No. 27). Specifically, Plaintiff seeks to depose Sedgwick employee Sonia Brown as well as a corporate representative of Sedgwick. In support of his motion, Plaintiff states that Brown made the decision to deny his claim for benefits and appears to be "the person responsible for failing to adequately provide a timely determination to Plaintiff and his attorney of Sedgwick's denial of those benefits" and for failing "to timely provide the correct Summary Description of the Plan to Plaintiff and his attorney." Plaintiff contends these facts and circumstances may be pertinent to the applicable standard of review in this case. In addition, Plaintiff seeks to depose Sedgwick's corporate representative on these issues, "the relevant portions of the Plan involved, and how the determination to deny benefits to Plaintiff was made."

1

Sedgwick opposes further discovery on the grounds that the administrative record already contains all the information necessary to this Court's determination. (Doc. No. 28).

Courts review a denial of benefits under an ERISA plan *de novo* unless the plan gives the administrator or fiduciary discretion to determine eligibility for benefits, in which case an abuse of discretion standard of review is used. Metro. Life Ins. Co. v. Glenn, 554 U.S. 105, 111 (2008); Waldoch v. Medtronic, Inc., 757 F.3d 822, 829 (8th Cir. 2014), as corrected (July 15, 2014) (quoting Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989)). In ERISA cases, review is generally limited to evidence that was before the administrator, and discovery is not allowed. Jones v. ReliaStar Life Ins. Co., 615 F.3d 941, 945 (8th Cir. 2010); Atkins v. Prudential Ins. Co., 404 F. App'x 82, 84-85 (8th Cir. 2010). This limitation on evidence ensures "expeditious judicial review of ERISA benefit decisions" and prevents "district courts from becoming substitute plan administrators." Brown v. Seitz Foods, Inc. Disability Benefits Plan, 140 F.3d 1198, 1200 (8th Cir. 1998) (citation omitted).

However, some limited discovery may be permissible in certain ERISA cases, but only if the plaintiff demonstrates good cause. Scheff v. Blue Cross Blue Shield of N. Dakota, No. 4:15-CV-173, 2020 WL 3086874, at *2-3 (D.N.D. June 10, 2020). Courts in this district have limited the scope of this discovery to determining whether a conflict of interest or procedural irregularity exists. See, e.g., Barnes v. Ascension Health All., No. 4:16-CV-2170 (CEJ), 2017 WL 3006882 (E.D. Mo. July 14, 2017); Maly v. Trustees of Local 309 Wireman's Pension Tr., No. 4:11CV00675 AGF, 2011 WL 5597316 (E.D. Mo. Nov. 17, 2011); Sampson v. Prudential Life Ins. Co. of America, No. 4:08CV1290 CDP, 2009 WL 882407 (E.D. Mo. Mar. 26, 2009); T.D.E. v. Life Ins. Co. of No. America, No. 4:07CV1387 CDP, 2009 WL 367701 (E.D. Mo. Feb. 11, 2009); Winterbauer v. Life Ins. Co. of No. America, No. 4:07CV1026 DDN, 2008 WL 4643942

(E.D. Mo. Oct. 27, 2008). Conflicts of interest exist whenever the same entity both determines benefits eligibility under an ERISA plan and pays the benefits out of its own pocket. Glenn, 554 U.S. at 112. A procedural irregularity is said to exist where the plan administrator, in the exercise of its power, acted dishonestly, from improper motive, or failed to use sound judgment in reaching its decision. Menz v. Procter and Gamble Health Care Plan, 520 F.3d 865, 869 (8th Cir. 2008) (citing Neumann v. AT & T Commc'ns, Inc., 376 F.3d 773, 781 (8th Cir. 2004)). Often, a conflict of interest or procedural irregularity will be apparent from the administrative record. Farley v. Arkansas Blue Cross & Blue Shield, 147 F.3d 774, 776 n.4 (8th Cir. 1998)). As a result, "the district court will only *rarely* need to permit discovery and supplementation of the record to establish these facts." Id. (emphasis added). Discovery is not permitted on the merits of the benefit claim, even if the conflict of interest or procedural irregularity is shown. See Atkins, 404 F. App'x at 84-85.

Here, Plaintiff has neither alleged nor based his request for discovery on a claim that Sedgwick, the claims administrator, acted under a conflict of interest, and therefore has not demonstrated good cause with respect to the conflict of interest prong. Menz, 520 F.3d at 870-871. Instead, Plaintiff points to alleged procedural irregularities, namely Sedgwick's failure to provide him with a timely benefits decision and the current summary description of the plan. Upon consideration of these arguments, the Court finds they fail to demonstrate good cause for discovery, because Plaintiff has not alleged sufficient facts to establish any basis for a finding that Sedgwick acted dishonestly, from improper motive, or failed to use sound judgment in reaching its decision.

Plaintiff alleges Sedgwick initially sent him an outdated Summary Plan Description ("SPD") governing his claim. (See Amended Complaint ("AC"), Doc. No. 18 at ¶ 1). He does not,

however, identify any relevant changes between the SPD he was initially sent and the current SPD subsequently provided to him, or explain how this affected the substantive decision reached. Menz, 520 F.3d at 869 (citing Buttram v. Cent. States, Se. & Sw. Areas Health & Welfare Fund, 76 F.3d 896, 901 (8th Cir. 1996)).

Plaintiff further alleges that Sedgwick "did not adequately make and legally deliver to Plaintiff and his attorneys a valid timely final determination" of his claim for benefits. He asserts that a notice of denial, dated "July 25, 2019," was e-mailed to him the following day, "July 26, 2019," but that "he was not aware of it" because "it had been delivered to his Spam Email." (See AC at ¶¶ 11-15). Plaintiff argues that because the plan's procedural deadline for making a final determination on his claim for benefits had passed, a *de novo* standard of review should apply, citing Fessenden v. Reliance Standard Life Ins. Co*.,* 927 F. 3d 998, 999-1000 (7th Cir. 2019), which holds that when an administrator "fail[s] to issue a decision" in an internal appeal of a benefits denial "within the timeline mandated by the regulations," a *de novo* standard of review applies. (See AC at ¶ 17).

Plaintiff's allegations appear to actually concede that a timely denial was made. In any event, under controlling Eighth Circuit caselaw, an administrator's decisional delay on appeal does not in and of itself trigger *de novo* review; rather, it is a factor to be considered by the district court when reviewing the administrator's decision for an abuse of discretion. McIntyre v. Reliance Standard Life Ins. Co., 972 F.3d 955, 963-65 (8th Cir. 2020) (citing Seman v. FMC Corp. Retirement Plan for Hourly Emps*.*, 334 F.3d 728, 733 (8th Cir. 2003)). As for Plaintiff's contention that Sedgwick failed to provide him with "lawful and adequate" notice of its benefits determination, the administrative record, which includes the correspondence between Sedgwick, Plaintiff, and Plaintiff's counsel, is sufficient to evaluate this issue.

Lastly, Plaintiff seeks to depose Sedgwick's corporate representative about the relevant portions of the Plan involved and how the determination to deny him benefits was made. The requested discovery is not permissible as it appears to go to the merits of Plaintiff's claim – not a procedural irregularity – and depends on documents that are in the administrative record. Plaintiff has not demonstrated that the record is inadequate to review Sedgwick's determination. No additional discovery is warranted where, as here, "the administrative record [is] sufficient to permit a fair evaluation of the decision." Atkins, 404 F. App'x at 85.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to take the depositions of Sedgwick employee Sonia Brown and the corporate representative of Sedgwick [27] is **DENIED.**

Dated this 23rd day of October, 2020.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**